UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ADAM KING, <br><br> Defendant | 24 CR 153 |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION FOR REVOCATION OR AMENDMENT OF DETENTION ORDER**

Adam King, by and through his attorney Bedi & Singer, LLP, replies to the government's response to his motion to revoke the magistrate judge's detention order pursuant to 18 U.S.C. § 3145(b). In support of his reply, Dr. King submits the following:

I. **FACTS**

On April 25, 2024, Dr. King filed a motion for the Court to revoke or amend the magistrate judge's detention order. Dkt 31. On May 6, 2024, the government filed a response to Dr. King's motion. Dkt 36. The government's arguments are wrong, and its response proves it cannot carry its burden by clear and convincing evidence.

II. **ARGUMENT**

The government arguments are wrong because: (A) the government completely fails to engage with the facts or underlying reasoning of *Hollerich* and *Grooms*; (B) its arguments of dangerousness depend on Dr. King gaining access to internet-capable

1

devices; (C) its argument that Dr. King's relatives cannot be trusted is completely unsupported; (D) the other cases cited by Dr. King are relevant to this Court's determination; (E) Dr. King's proposed conditions do not need to be "materially different" than those proposed at the detention hearing; and (F) the government's response focuses almost exclusively on its allegations.

### A. The government completely fails to engage with the facts or underlying reasoning of *Hollerich* and *Grooms*

In his motion, Dr. King argues, "[t]he government cherry-picked a block quote from *United States v. Hollerich* to argue that Dr. King's history and characteristics do not rebut the presumption of detention. However, if one actually reads the facts of *Hollerich*, it becomes clear that the government's block quote is both misleading and inapplicable to Dr. King's case." Dkt 31 at 22. Dr. King goes on to explain in detail how *Hollerich* and *Grooms* are factually different from his case and the underlying reasoning for those defendants' detention is inapplicable here. *Id.* at 22-26.

In its response, the government does not argue that Dr. King is wrong in his recitation of the facts or the underlying reasoning of *Hollerich* or *Grooms*. Rather amazingly, the government fails to engage with the facts of *Hollerich* or *Grooms* at all and instead copies and pastes the same exact misleading and inapplicable block quote to make the same exact arguments. Dkt 36 at 14-15. Again, the government's arguments are wrong.

In almost every case, a defendant's criminal history and characteristics do not meaningfully change between the date of the alleged offense to when the defendant is

2

charged. Yet, a defendant's stable and long-standing characteristics no doubt rebut the presumption of detention. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

By contrast, in *Hollerich* the district court found "that Hollerich's conduct after being charged and while under supervision" reflected an "unwillingness or inability to refrain from such conduct, even where the Court imposed strict limitations on Hollerich's behavior, and even in light of the looming risk of being caught incidental to ongoing pretrial supervision." *Id.* As previously explained, that is not the case here. Dkt 31 at 20. The government's complete failure to address Dr. King's argument on this point shows the government cannot carry its burden.

### B. The government's arguments of dangerousness rely on Dr. King gaining access to internet-capable devices

In his motion, Dr. King argues that the government's remote or unspecified concerns regarding internet access are not enough to justify his detention. Dkt 31 at 17-19. Dr. King further explains that he "cannot access the internet without an internet-capable device. As Lucas testified, there are no internet-capable devices in the home, and the government in no way rebutted his testimony." *Id.* at 21. "Second, there is no evidence that Dr. King's family would give Dr. King an internet-capable device." *Id.* "Third, Dr. King cannot leave his home to purchase or obtain an internet-capable device if he is on home confinement," and Dr. King "cannot purchase an internet-capable device from *within* his home because such a purchase would require an internet-capable device." *Id.*

The government's response does even attempt to rebut Dr. King's arguments on this point. Rather, the government simply ignores them and instead argues that Dr. King is a future danger because "nearly every phone can access the internet without a Wi-Fi signal," and Dr. King "has shown himself to be sophisticated and deceptive in his use of computers." Dkt 36 at 20, 36. Again, the government's unspecified concerns depend on Dr. King gaining access to a phone or computer. Yet, the government has failed to explain *at all*, let alone prove by clear and convincing evidence, how Dr. King would gain access to a phone or computer if certain conditions were imposed. Again, the government's failure to meaningfully engage with Dr. King's arguments show it cannot carry its burden.

### C. The government's argument that Dr. King's relatives cannot be trusted is completely unsupported by actual facts

In his motion and at the detention hearing, Dr. King showed that his spouse (Lucas King), his parents (Kirby and Tina King), and his in-laws (Jake and Deborah) are willing and able to enforce any conditions imposed by the Court. Dkt 31 at 6-8. Specifically, Dr. King pointed to his father's unrebutted testimony that he would "make sure that [Dr. King] has no access to the Internet, to make sure that he does not leave the area, leave the house, and, third, to make sure no one under 18 years of age has access to him." Dkt 31 at 29. In fact, since the detention hearing, Lucas King has discontinued internet service at the home. *See* Exhibit 2.

In its response, the government claims that the Court cannot "trust" Dr. King's "relatives to enforce any such conditions of release set by the Court." Dkt 36 at 2. However, as the government itself showed at the detention hearing, there is absolutely no evidence that Dr. King's family knew of or helped him engage in the alleged conduct.

4

Instead, the government's unsupported argument seems to be based on the idea that internet usage is difficult to enforce. But again, monitoring actual internet usage is not an issue here. As Dr. King's motion explained, "[e]ven the most unsophisticated third-party custody can determine whether Dr. King has an internet-capable device in his hand or whether Dr. King left the house. Such monitoring does not require familiarity with certain social media applications." Dkt 31 at 26. The government's failure to rebut Dr. King's arguments proves the government cannot carry its burden.

### D. The other cases cited by Dr. King are relevant to this Court's determination

In his motion, Dr. King cited several recent cases where similarly situated defendants were released with conditions, including home confinement, third-party custodians, and no internet access. Dkt 31 at 23-25. These cases not only undermine the government's argument that *no* release conditions are able to protect vulnerable minors, but these recent cases also undermine the magistrate judge's reasoning that *Monfre* is distinguishable because internet access is more prevalent than in 2009. Dkt 36 at 8.

In response to these cases, the government argues "that each bail determination is individual in nature." Dkt 36 at 19. Dr. King agrees, and that is exactly why the government and magistrate judge relied too heavily on *Hollerich* or *Grooms* to detain Dr. King because, as shown above, they are factually dissimilar. See Dkt 31 at 19-22.

Further, the government acknowledges that in four of these recent cases "the court merely imposed the conditions agreed upon by the parties." Dkt 36 at 19. In one of the four cases for example, *United States v. Siegel*, the defendant was charged with three counts of knowingly possessing child pornography, and the government agreed to certain

5

conditions, including home confinement, a third-party-custodian, and no internet access. The government's generalized argument that internet usage is "notoriously difficult to enforce" is clearly undermined by its agreement to release a defendant with the same conditions proposed here. The government's inconsistent and inapplicable arguments do not carry its burden by clear and convincing evidence.

### E. Dr. King's proposed conditions do not need to be "materially different" than those proposed at the detention hearing

In his motion, Dr. King explains "the legal standard under the Bail Reform Act is not whether Dr. King's proposed conditions should be accepted or rejected by the court, but rather, whether the government showed that *no* conditions can reasonably protect the public." Dkt 31 at 15. Dr. King goes on to explain how the government failed to carry its burden and how the magistrate erred by detaining him.

Nonetheless, the government again attempted to shift its burden onto Dr. King, arguing his proposed conditions are not "materially different" than those proposed at the detention hearing. First, Dr. King does not need to propose any release conditions because it is the government's burden to show *every* release condition available would be incapable of reasonably protecting the public. Second, as the government admits, "[t]he district court reviews the release order *de novo* and need not defer to the magistrate judge's findings." Dkt 36 at 12 (citing *United States v. Messino*, 842 F. Supp. 1107, 1109 (N.D. Ill. 1994). The government is unclear then why Dr. King would need to propose different release conditions when the Court must review the release order *de*

*novo* and it is *always* the government's burden to prove that *no* release can ensure community safety.

### F. The government's response focuses almost exclusively on its own allegations

In his motion, Dr. King argues the government relied "almost exclusively on its own accusations and failed to explain how all of the conditions available to the court would be insufficient to reasonably assure community safety." Dkt 31 at 5.

In its response, the government again fails to address release conditions and instead claims more evidence has linked Dr. King to its allegations. Yet, courts have repeatedly held that the weight of the evidence is the least important factor in release determinations because it is akin to applying a presumption of guilt. *See United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990) ("The weight of the evidence against the defendant is a factor to be considered but it is 'the least important' of the various factors."); *United States v. Valdez*, No. R2400782001TUCJCHEJM, 2024 WL 1240197, at *3 (D. Ariz. Mar. 22, 2024) (same). The government's continued failure to discuss release conditions shows the government cannot meet its burden and Dr. King must be released.

WHEREFORE, Dr. King prays that this Court revoke the magistrate judge's detention order and impose any conditions the Court believes necessary for his release.

By: s/ Jonathan S. Bedi

Jonathan S. Bedi
Dena M. Singer
Bedi & Singer, LLP
53 West Jackson Blvd, Suite 1101
Chicago, IL 60604
Phone: (312) 525-2017
jbedi@bedisinger.com

dsinger@bedisinger.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing document was filed and served on all attorneys of record via the Court's ECF system on today's date.

s/Jonathan S. Bedi<br>Attorney for Defendant

Jonathan S. Bedi
Bedi & Singer, LLP
53 West Jackson #1505
Chicago, IL 60604
(p)312-525-2017
(f) 312-525-2107
jbedi@bedisinger.com