UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 24 CR 153 |
| v. | Judge LaShonda A. Hunt |
| ADAM STAFFORD KING | |

## **FINAL JOINT PRETRIAL STATEMENT**

The United States of America, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, and Jonathan S. Bedi and Dena M. Singer of Bedi & Singer, LLP, counsel for defendant ADAM KING, respectfully submit the below Pre-Trial Statement addressing the items identified in Section III of the Court's Pretrial Procedures for Criminal Cases:

1.    Trial Attorneys

2.    Joint Proposed Statement of the Case

3.    Trial Length

4.    Stipulations and Uncontested Facts

5.    Government and Defendant's Witness Lists

6.    Government and Defendant's Proposed Exhibit Lists

7.    List of Government and Defendant's Motions *in Limine*

8.    Proposed *Voir Dire* Questions and Jury Questionnaire

9.    Proposed Jury Instructions and Verdict Forms

Respectfully submitted,

ANDREW S. BOUTROS                          /s/ Jonathan S. Bedi
United States Attorney                      JONATHAN S. BEDI
                                            DENA M. SINGER
By: /s/ Brandon D. Stone                    Counsel for Defendant
BRANDON D. STONE                            Bedi & Singer LLP
ASHEEKA DESAI                               53 West Jackson, Suite 1101
Assistant United States Attorneys           Chicago, IL 60604
219 S. Dearborn St., Fifth Floor
Chicago, IL 60604

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ADAM STAFFORD KING

No. 24 CR 153

Judge LaShonda A. Hunt

## **TRIAL ATTORNEYS**

### **Government's Counsel**

| | |
|---|---|
| Brandon D. Stone<br>Assistant United States Attorney<br>(312) 886-2447<br>Brandon.Stone@usdoj.gov<br>219 S. Dearborn St., Fifth Floor<br>Chicago, IL 60604 | Asheeka Desai<br>Assistant United States Attorney<br>(312) 886-7629<br>Asheeka.Desai@usdoj.gov<br>219 S. Dearborn St., Fifth Floor<br>Chicago, IL 60604 |

### **Defendant's Counsel**

| | |
|---|---|
| Jonathan S. Bedi<br>Bedi & Singer LLP<br>312-402-0291<br>jbedi@bedisinger.com<br>53 West Jackson, Suite 1101<br>Chicago, Il 60604 | Dena M. Singer<br>Bedi & Singer LLP<br>773-991-0933<br>dsinger@bedisinger.com<br>53 West Jackson, Suite 1101<br>Chicago, Il 60604 |

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge Lashonda A. Hunt

## JOINT PROPOSED STATEMENT OF THE CASE

The defendant, Adam Stafford King, has been charged with: (1) knowingly distributing child pornography on September 11, 2023; (2) knowingly receiving child pornography on September 11, 2023; (3) knowingly distributing child pornography on December 11, 2023; and (4) knowingly destroying, altering, or concealing data and records pertaining to the use of the Telegram mobile application with intent to impede, obstruct, or influence an investigation by the Federal Bureau of Investigation on March 5, 2024.

The defendant has pleaded not guilty to the charges.

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 24 CR 153 |
| v. | |
| ADAM STAFFORD KING | Judge Lashonda A. Hunt |

## **TRIAL LENGTH**

The parties estimate the trial will take no more than 7 trial days, including jury selection and deliberations. The government estimates presenting its case-in-chief will take 5 trial days. Defendant estimates presenting his case-in- chief will take 1 trial day.

The government estimates its opening statement will take 45 minutes. The government estimates its closing statement will take 90 minutes. The government estimates its rebuttal will take 30 minutes.

Defendant estimates his opening statement will take 30 minutes. Defendant estimates his closing statement will take 45 minutes.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

    v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge Lashonda A. Hunt

## **STIPULATIONS AND UNCONTESTED FACTS**

1.    The internet is an instrument of interstate and foreign commerce.

2.    The application Telegram is an instrument of interstate and foreign commerce. Photos and videos transmitted over Telegram have traveled thru interstate commerce.

3.    Defendant Adam Stafford King's birthdate is January 22, 1985.

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

    v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge Lashonda A. Hunt

## GOVERNMENT'S WITNESS LIST

The United States of America, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, respectfully submits the following proposed witness list:

### Witnesses who will be called:

1. **New York Individual:** The New York Individual will testify to his use of Scruff and Telegram to exchange child pornography with other individuals. The New York Individual will also testify to his communications with an individual over Scruff and Telegram using the handle @pervchidude and the child pornography he exchanged with that account on September 11, 2023. The New York Individual will also testify to his interactions with law enforcement.

2. **FBI Special Agent Matthew Deragon:** SA Deragon will testify to executing a search warrant on October 5, 2024 on the New York Individual's residence, his examination of the New York Individual's iPhone, and his taking over the New York Individual's Telegram account. SA Deragon will further testify to his communications with @pervchidude using the New York Individual's Telegram account, @pervchidude's distribution of child pornography on December 11, 2023, and his investigation identifying defendant as @pervchidude.

7

3.     **FBI Special Agent Mike Devine (Case Agent):** SA Devine will testify to receiving a law enforcement lead from the FBI New York Field Office, his efforts to investigate the @pervchidude Telegram account, and his identification of defendant as the individual using that account. SA Devine will also testify to executing a search warrant on defendant's residence on March 5, 2024, the Cellebrite extraction of defendant's iPhone, a review of evidence found on that iPhone, and the identification of child pornography sent and received by defendant over Telegram.

4.     **Cook County State's Attorney Investigator Anna Doyle:** Investigator Doyle will testify that while serving as a Task Force Officer with the FBI she performed the Graykey extraction of defendant's iPhone.

5.     **FBI Special Agent Kassandra Hulliberger:** SA Hulliberger will testify to her examination of the Graykey extraction report of defendant's iPhone and to the relevant evidence found in that report.

6.     **FBI Special Agent Erin Schu:** SA Schu will testify to the process and forensic review of cell phone extractions and to her extraction of the Scruff chats from defendant's iPhone.

7.     **Lieutenant Daria Hooper, Rawlins (Wyoming) Police Department:** Lt. Hooper will testify to her identification of a child victim in one of the child pornography videos exchanged between defendant and the New York Individual.

8.     **Captain Zackie Gant, Scottsboro (Alabama) Police Department:** Captain Gant will testify to the identification of a child victim in one of the child pornography videos exchanged between defendant and the New York Individual.

9.     **Dr. Lisbeth Ambrosius, Director of MedVet Chicago:** Dr. Ambrosius will testify to defendant's work as a veterinary ophthalmologist at MedVet in Chicago. She will also testify to the authenticity of certain online professional profiles of defendant on the internet.

10.     **Officer Christopher Coronado, Aurora (Illinois) Police Department:** Officer Coronado will testify to his 2017 investigation of a Google cyber tip regarding the downloading of child pornography, his visit to defendant's house, and his interview of defendant regarding the child pornography.

     **Witnesses who may be called:**

1.     **Lucas King:** The government may call Mr. King to testify to details regarding his marriage to defendant, his and defendant's child born by surrogate, his and defendant's travel to various locations, and that defendant is not circumcised. If Mr. King asserts his spousal testimonial privilege, the government intends to introduce his former sworn testimony from March 26, 2024 pursuant to Federal Rule of Evidence 804(b)(1).

2.     **Tina King:** Absent a stipulation, the government may call Mrs. King to testify to defendant's date of birth, defendant's marriage, details regarding defendant's child born by surrogate, and that defendant was not circumcised as a child.

3.     **Marquis Buchanan:** The government may call Mr. Buchanan to testify regarding his relationship with defendant and that defendant texted him a photograph of defendant's penis.

4. **Joshua Marshall:** The government may call Mr. Marshall to testify to regarding a text exchange with defendant, that he and defendant had at least one sexual encounter, and that defendant is uncircumcised as an adult.

5. **Monica Reece:** The government may call Ms. Reece to testify to her interactions with defendant and his husband, her service as a surrogate for the couple's child, and the birth of the child in spring 2024.

6. **Corporate Representative of Perry Street Software:** Absent a stipulation, the government may call the representative to testify regarding business records received from Scruff.

7. **Corporate Representative of Lotte Palace Hotel:** Absent a stipulation, the government may call the representative to testify to the authenticity of business records received from Lotte Palace Hotel.

8. **Corporate Representative of the American Kennel Club:** The government may call the representative to testify regarding business records received from the American Kennel Club.

9. **Corporate Representative of United Airlines:** The government may call the representative to testify regarding business records received from United Airlines.

## DEFENDANT'S WITNESS LIST

Jonathan S. Bedi and Dena M. Singer of Bedi & Singer, LLP, counsel for defendant ADAM KING, respectfully submit the following proposed witness list:

**Witnesses who will be called:**

1.     **FBI Special Agent Mike Devine:** SA Devine was involved in the investigation.

2.     **FBI Special Agent Matthew Deragon:** SA Deragon was involved in the investigation.

**Witnesses who may be called:**[1]

1.     **Defense Investigator Ron Winters:** The defense may call Mr. Winters to testify about the defense investigation and to lay the foundation for exhibits.

2.     **Mary King:** The defense may call the defendant's friend, Mary King, to testify about her observations during the relevant time frame and to refute the testimony of the government witnesses.

3.     **Jamie Larkman:** The defendant may call the defendant's friend, Jamie Larkman, to testify about her observations during the relevant time and would refute the testimony of government witnesses

4.     **FBI Special Agent Erica L Lysaught;** SA Lysaught was involved in the investigation.

5.     **Unknown FBI Special Agents:**[2] The defense may call unknown Special Agents to impeach Bryan Austermann, who is a cooperating witness.

---

[1] The defense reserves the right to amend this as the government has not completed discovery and depending on the court's ruling on motions *in limine*.

[2] The government has not provided any 302s, grand jury or statements of any kind related to Bryan Austermann.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge Lashonda A. Hunt

## GOVERNMENT'S PROPOSED EXHIBIT LIST

The UNITED STATES OF AMERICA, by and through its attorney, ANDREW BOUTROS, United States Attorney

for the Northern District of Illinois, hereby submits its proposed exhibit list:

| Phone and Electronic Data Records | | | | | |
|---|---|---|---|---|---|
| No. | Date | Description | Relevance | Objection | Response |
| 101 | 8/14/23 - 9/11/23 | Scruff chats with New York Individual | Evidence of Counts One and Two, Modus Operandi | Objection to irrelevant sexual chats under FRE 401, 403 | The evidence is relevant under 401 and 403 to as direct evidence of Counts One and Two, to establish defendant's modus operandi and to provide context to the jury about his communications with the New York Individual. The evidence is not unfairly prejudicial. |

| 102 | 9/11/23 | Redacted Screenshots of New York Individual's iPhone showing 9/11 Telegram Chats | Direct evidence of Counts One and Two, Identity, Knowledge, Intent, Modus Operandi, Motive | Objection to all chats under FRE 901, 403 | The evidence will be properly authenticated by multiple witnesses and is not unfairly prejudicial. |
|---|---|---|---|---|---|
| 103 | 11/9/23 | Non-Secret Telegram Chats between @pervchidude and @sb1nyc | Direct evidence of Count Four, Identity, Knowledge, Intent, Modus Operandi | Objection to chats regarding interest or conduct with minors under 401, 403, and 404(b) | The evidence is admissible under Rule 404(b) to prove identity, knowledge, intent, and modus operandi.<br><br>The evidence relevant to identity, knowledge, intent, and M.O. and is not unfairly prejudicial. |

| 104A-D | 11/9/23 – 2/14/23 | Secret Telegram Chats between @pervchidude and @sb1nyc (104A) and Non-CSAM Photographs Sent by @pervchidude (104B-D) | Direct evidence of Counts Three and Four, Identity, Knowledge, Intent, Modus Operandi, Motive | Objection to chats and photos about Mr. King's son under 401, 403, 404(b); objection to chats regarding interest or conduct with minors under 401, 403, and 404(b); objection to chats regarding child pornography collection under 401, 403, and 404(b), objection to chats mentioning "pervs" under 401, 403, objection to chats outside dates of indictment under 401; objection to chats and photos regarding adult sexual conduct under 401, 403, and 404(b); objection to photos of genitalia and adult pornography under 401, 403, and 404(b); objection to unidentified photos or videos the government has deemed "obscene" but not CSAM under 401, 403, and 404(b). | All chats are direct evidence of Counts Three and Four. The evidence is further relevant and admissible under 401, 403, and 404(b) to prove identity, knowledge, intent, modus operandi, and motive. The photos are relevant to proving identity. |

| 105 | 7/12/22 – 1/8/24 | Scruff chats found on defendant's iPhone | Modus operandi, Intent, Knowledge Identity, Direct Evidence of Counts One – Four. | Objection to chats about a son under FRE 401, 403, 404(b); objection to chats regarding interest or conduct with minors under FRE 401, 403, and 404(b); objection to chats regarding child pornography collection under FRE 401, 403, and 404(b), objection to chats mentioning "pervs" under FRE 401, 403, objection to chats outside dates of indictment under FRE 401; objection to chats and photos regarding adult sexual conduct under FRE 401, 403, and 404(b); | The chats are direct evidence of Counts One, Two, Three, and Four. The evidence is further relevant and admissible under 401, 403, and 404(b) to prove modus operandi, identity, knowledge, and intent |
| 106 | | Scruff Profile Information and IP Logs | Direct evidence of Counts One – Four, Modus Operandi, Identity, Motive, Knowledge, Intent | | |
| 107 | 4/26/24 | Graykey Report for Defendant's iPhone | Direct evidence of Counts One – Four, Identity | | |

| 108 | 4/7/25 | Cellebrite Report for Defendant's iPhone | Direct evidence of Counts One – Three, Identity | Objection to photos of genitalia and adult pornography under FRE 401, 403, and 404(b); objection photos regarding adult sexual conduct under FRE 401, 403, and 404(b); objection to photos about Mr. King's son under FRE 401, 403, 404(b), hearsay is inadmissible under FRE 801 & 803 | The photos are relevant and admissible under 401 to prove identity, knowledge, and intent, and are not unfairly prejudicial. The fact that photos are obscene does not make them unfairly prejudicial.<br><br>Not hearsay. Rule 801(d)(2). |

| **Search Warrant Photographs and BWC** | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 201 | 3/5/24 | BWC Video from SA Mike Devine | Evidence of Count Four | Objection to nudity under FRE 401, 403 | The evidence is highly relevant under 401 as direct evidence of Count Four. The probative value far outweighs any prejudicial effect. |
| 202 | 3/5/24 | Stills of BWC Video | Direct evidence of Count Four | Objection to nudity under FRE 401, 403 | The evidence is highly relevant under 401 as direct evidence of Count Four. The probative value far outweighs any prejudicial effect. |
| 203 | 3/5/24 | Photograph of Nursery | Identity | Objection to references to Mr. King's son under FRE 401, 403 | The evidence is relevant under 401 to prove identity and there is no prejudice under 403 in referencing that defendant was expecting a child by surrogacy. |

| Search Warrant Photographs and BWC | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 204 | 3/5/24 | Photograph of baby onesie | Identity | Objection to references to Mr. King's son under FRE 401, 403 | The evidence is relevant under 401 to prove identity and there is no prejudice under 403 in referencing that defendant was expecting a child by surrogacy. |
| 205 | 3/5/24 | Photograph of Nursey | Identity | Objection to references to Mr. King's son under FRE 401, 403 | The evidence is relevant under 401 to prove identity and there is no prejudice under 403 in referencing that defendant was expecting a child by surrogacy. |

| Specific Scruff Chat Exchanges | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 301-335 | 7/12/22 – 1/8/24 | Scruff Chat Exchanges Showing Movement from Scruff to Telegram after Brief Exchange Regarding Sexual Interest | Modus Operandi ("MO") | Objection to references to adult sexual conduct, bestiality under FRE 401, 403; Objection to references to interest in minors/incest under FRE 401, 403; objection to "perv" under FRE 401, 403; Objection to references to sending photos of genitalia under 401, 403 | The chats are relevant and admissible under 401, 403, and 404(b) to prove defendant's modus operandi/identity |

17

| Specific Scruff Chat Exchanges | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 336 | 6/30/22 – 1/6/24 | Scruff Chat Exchanges With References to @pervchidude | Identity | Objection to all chats as irrelevant under FRE 401; Objection to references to being a dad under FRE 401, 403 | The chats are relevant and admissible under 401, 403, and 404(b) to prove defendant's identity as "pervchidude", which the government must be able to do to prove Count 1, 2, and 3. The probative value of the chats far outweighs any potentially prejudicial effect. |
| 337 | 6/4/23 – 12/21/23 | Scruff Chat Exchanges with References to Chicago | Identity | Objection to all messages as irrelevant under FRE 401; Objection to adult sexual conduct under FRE 401, 403 | The chats are relevant and admissible under 401 and 403 to prove defendant's identity. The probative value of the chats far outweighs any prejudicial effect. |
| 338 | 6/1/23 – 12/23/23 | Scruff Chat Exchanges with References to Marriage/ Husband | Identity | Objection to all messages as irrelevant under FRE 401 and unduly prejudicial under FRE 403 | The chats are relevant and admissible under 401 and 403 to prove defendant's identity. The probative value of the chats far outweighs any prejudicial effect. |
| 339 | 11/3/23 | Scruff Chat Exchanges with References to Being Uncircumcised | Identity | Objection under FRE 401, 403, completely irrelevant, unduly prejudicial, confusing the issues | The chats are relevant and admissible under 401 and 403 to prove defendant's identity. The probative value of the chats far outweighs any prejudicial effect. |

18

**Specific Scruff Chat Exchanges**

| # | Date | Description | Relevance | Objection | Response |
|---|------|-------------|-----------|-----------|----------|
| 340 | | Scruff Chat Exchanges with References to "Tele" Being "Better/"Best" for Vids and Safe/Secure | Direct evidence of Count Four, Identity, Motive, Intent, Knowledge | Objection under FRE 401, irrelevant | The chats are relevant and admissible under 401, 403, and 404(b) to prove defendant's identity as "pervchidude",as well as defendant's motive, intent, and knowledge when he deleted Telegram from his phone. The evidence is therefore also direct evidence of Count 4. The probative value of the evidence far outweighs any prejudicial effect. |

**American Kennel Club Records**

| # | Date | Description | Relevance | Objection | Response |
|---|------|-------------|-----------|-----------|----------|
| 401 | 3/5/24 | Documents reflecting defendant's attendance at dog shows | Identity | | |

| Photos and iMessages Recovered from Defendant's iPhone | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 501 | 3/6/23 | Texts with Marquis Buchanan | Identity | Objection FRE 401, 403, 404(b), completely irrelevant to the charges, cannot be used to show identity, hearsay under 801, 803 | The evidence is relevant and admissible under 401 and 403 to prove identity and the fact that defendant is uncircumcised. Mr. Buchanan will testify that he and defendant knew each other and communicated via text message and that he received a photograph of defendant's uncircumcised penis. The photograph defendant sent to Mr. Buchanan was later recovered from defendant's cellphone. |
| 502 | 12/26/20 | Texts with Joshua Marshall (identified as Olivia Hodgkinson in phone) | Identity | Objection FRE 401, 403, 404(b) completely irrelevant to the charges, cannot be used to show identity, hearsay under 801, 803 | The evidence is relevant and admissible under 401 and 403 to prove identity and the fact that defendant is uncircumcised. Mr. Marshall will testify that he and defendant knew each other and communicated via text message and that he then met up with defendant for a sexual encounter, during which he observed that defendant was uncircumcised. |

| Photos and iMessages Recovered from Defendant's iPhone | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 503A-D | 9/11/23 | Nude Photographs of the New York Individual sent to @pervchidude found on defendant's iPhone | Identity | Objection under FRE 401, 403, irrelevant, prejudicial, and duplicative | The evidence is relevant and admissible under 401 and 403 to prove identity and the fact that defendant is "pervchidude." The New York Individual will testify that he sent these photographs to "pervchidude" on Telegram. Those same photos were then recovered from defendant's cellphone. |
| 504 | 8/16/21 | Nude Photograph sent to New York Individual by @pervchidude and found on defendant's iPhone | Identity | Objection under FRE 401, 403, irrelevant, unduly prejudicial, and duplicative | The evidence is relevant and admissible under 401 and 403 to prove identity and the fact that defendant is "pervchidude." The New York Individual will testify that "pervchidude" sent him these photographs on Telegram. Those same photos were then recovered from defendant's cellphone. |

| Photos and iMessages Recovered from Defendant's iPhone | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 505 | 9/21/23 | Photograph of male with child on lap sent by @pervchidude to New York Individual and found on defendant's iPhone | Identity | | |
| 506 | 12/12/23 | Photograph of ultrasound sent by @pervchidude to Undercover FBI Agent and found on defendant's phone | Identity | | |
| 507 | 8/28/2023 | Nude photograph sent by @pervchidude to Undercover FBI Agent and found on defendant's iPhone | Identity | Objection under FRE 401, 403, irrelevant, unduly prejudicial, and duplicative | The evidence is relevant and admissible under 401 and 403 to prove identity and the fact that defendant is "pervchidude." The Undercover FBI Agent will testify that "pervchidude" sent him this photograph on Telegram. That same photo was then recovered from defendant's cellphone. |

| **Photos and iMessages Recovered from Defendant's iPhone** | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 508A-J | Various dates | Photographs and records found on defendant's iPhone reflecting attendance at Broadway plays | Identity | | |

| **Travel Records** | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 601 | | Hilton Hotel Records for 12/13/2019 (Room Roster) | Identity | | |
| 602 | | Lotte Palace Hotel Records for 1/21/2024-1/24/2024 and Room Rosters | Identity | | |
| 603 | | Green Mill Best Western, Arcola, IL Records for 10/20/2019 | Identity | | |
| 604 | 11/16/23 – 3/25/24 | United Airlines Flight Records | Identity | | |

23

| Miscellaneous Documents | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 701 | 1/3/24 | Penn Tele Data IP Records | Identity | | |
| 702 | 1/8/24 | Media Comm IP Records | Identity | | |
| 703 | 3/12/19 | MedVet Post – Specialist Spotlight for Adam King | Identity | | |
| 704 | | MedVet Website Page for Adam King | Identity | | |
| 705 | 3/30/17 | Aurora Police Department Incident Report | Identity, Motive | Objection under FRE 401, 403, 404(b), 803 and inadmissible under 414, a police report is not admissible evidence | The evidence is relevant and admissible under 401, 403, and 404(b) to prove identity and motive for defendant shifting to Telegram for viewing pornographic content. |

| CSAM Videos | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 901 | 9/11/23 | CSAM Video sent by @sb1nyc | Direct evidence of Count One | Objection under FRE 901 all chats from 9/11/23 cannot be authenticated; The defense requests under 401 and 403 the court limit the number and length of time these videos (GX 901-912) are shown to the jury | The evidence will be properly authenticated by multiple witnesses and is direct evidence of Count One. The government agrees to limit the length of time that each video will be shown to the jury. |
| 902 | 9/11/23 | CSAM Video sent by @sb1nyc | Direct evidence of Count One | See objection to GX 901 | The evidence will be properly authenticated by multiple witnesses and is direct evidence of Count One. The government agrees to limit the length of time that each video will be shown to the jury. |
| 903 | 9/11/23 | CSAM Video sent by @sb1nyc | Direct evidence of Count One | See objection to GX 901 | The evidence will be properly authenticated by multiple witnesses and is direct evidence of Count One. The government agrees to limit the length of time that each video will be shown to the jury. |
| 904 | 9/11/23 | CSAM Video sent by @sb1nyc | Direct evidence of Count One | See objection to GX 901 | The evidence will be properly authenticated by multiple witnesses and is direct evidence of Count One. The government agrees to limit the length of time that each video will be shown to the jury. |

| CSAM Videos | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 905 | 9/11/23 | CSAM Video sent by @sb1nyc | Direct evidence of Count One | See objection to GX 901 | The evidence will be properly authenticated by multiple witnesses and is direct evidence of Count One. The government agrees to limit the length of time that each video will be shown to the jury. |
| 906 | 9/11/23 | CSAM Video sent by @pervchidude | Direct evidence of Count Two | See objection to GX 901 | The evidence will be properly authenticated by multiple witnesses and is direct evidence of Count One. The government agrees to limit the length of time that each video will be shown to the jury. |
| 907 | 9/11/23 | CSAM Video sent by @pervchidude | Direct evidence of Count Two | See objection to GX 901 | The evidence will be properly authenticated by multiple witnesses and is direct evidence of Count One. The government agrees to limit the length of time that each video will be shown to the jury. |
| 908 | 9/11/23 | CSAM Video sent by @pervchidude | Direct evidence of Count Two | See objection to GX 901 | The evidence will be properly authenticated by multiple witnesses and is direct evidence of Count One. The government agrees to limit the length of time that each video will be shown to the jury. |

| CSAM Videos | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 909 | 9/11/23 | CSAM Video sent by @pervchidude | Direct evidence of Count Two | See objection to GX 901 | The evidence will be properly authenticated by multiple witnesses and is direct evidence of Count One. The government agrees to limit the length of time that each video will be shown to the jury. |
| 910 | 9/11/23 | CSAM Video sent by @pervchidude | Direct evidence of Count Two | See objection to GX 901 | The evidence will be properly authenticated by multiple witnesses and is direct evidence of Count One. The government agrees to limit the length of time that each video will be shown to the jury. |
| 911 | 10/23 | Unredacted Video of New York Individual iPhone examination | Direct evidence of Counts One and Two | See objection to GX 901; Objection to this video in full as it is duplicative under 403 | The evidence will be properly authenticated by multiple witnesses and is direct evidence of Count One. The government agrees to limit the length of time that each video will be shown to the jury. The video is not duplicative, as it allows the government to properly authenticate each of the videos sent and received, and provides context for the jury. |

| CSAM Videos | | | | | |
|---|---|---|---|---|---|
| # | Date | Description | Relevance | Objection | Response |
| 912 | 12/11/23 | CSAM Video sent by @pervchidude | Direct evidence of Count Three | See objection to GX 901 | The evidence will be properly authenticated and is direct evidence of Count Three. The government agrees to limit the length of time that each video will be shown to the jury. |

## DEFENDNAT'S PROPOSED EXHIBIT LIST

Jonathan S. Bedi and Dena M. Singer of Bedi & Singer, LLP, counsel for defendant ADAM KING, hereby submit their proposed exhibit list:

| # | Date | Description | Relevance | Objection | Response |
|---|---|---|---|---|---|
| D. 1 | 5/2/24 | TransUnion Recording Impersonating Adam King | Defense theory-Identity | Objection under FRE 401 as irrelevant and 403 as confusing | U.S. Constitution, 6th Am (right to present a complete defense) The fact that someone was trying to impersonate Adam King is not confusing |
| D. 2 | 5/9/24 | TransUnion Recording of Lucas King | Defense theory-Identity | Objection under FRE 401 as irrelevant and 403 as confusing | U.S. Constitution, 6th Am (right to present a complete defense) The fact that someone was impersonating Adam King is not confusing |
| D. 3 | 5/9/24 | TransUnion Recording of Lucas King | Defense theory-Identity | Objection under FRE 401 as irrelevant and 403 as confusing | U.S. Constitution, 6th Am (right to present a complete defense) The fact that someone was trying to impersonate Adam King is not confusing |
| D. 4 | 5/10/24 | TransUnion Recording of Lucas King | Defense theory-Identity | Objection under FRE 401 as irrelevant and 403 as confusing | U.S. Constitution, 6th Am (right to present a complete defense) |
| D. 5 | 7/2/25 | TransUnion Credit Report | Defense theory-Identity | Objection under FRE 401 as irrelevant and 801 as hearsay | The fact that someone else was trying to impersonate Adam King is not confusing |
| D. 6 | 5/1/24 | BMW Records | Defense theory-Identity | Objection under FRE 401 as irrelevant, 801 as hearsay, and 901, as the evidence cannot be authenticated | U.S. Constitution, 6th Am (right to present a complete defense) |

29

| D. 7 | 3/24/24-6/15/24 | AT&T Phone Records | Defense theory-Identity | Objection under FRE 401 as irrelevant and 403 as confusing | U.S. Constitution, 6th Am (right to present a complete defense) The fact that someone was trying to impersonate Adam King is not confusing |
|------|------|------|------|------|------|
| D. 8 | '08-3/8/24 | Adam King Facebook | Defense theory-Identity | Objection under FRE 401 as irrelevant, 403 as confusing, 801 as inadmissible hearsay, and 901, as the evidence cannot be authenticated. | U.S. Constitution, 6th Am (right to present a complete defense) Can authenticate through witness |
| D. 9 | 9/10/24 | Adam and Lucas King Baby Registry | Defense theory-Identity | | |
| D. 10 | 2/23/24 | RedFin Listing of King Home | Defense theory-Identity | Objection under FRE 401 as irrelevant and 901, as the evidence cannot be authenticated | U.S. Constitution, 6th Am (right to present a complete defense) Can authenticate through witness |
| D. 11 | 9/10/24 | Daniel Jolly Facebook Account Screenshot | Defense theory-Identity | Objection under FRE 401 as irrelevant and 901, as the evidence cannot be authenticated | U.S. Constitution, 6th Am (right to present a complete defense) Can authenticate through witness |
| D. 12 | 9/10/24 | Advance Search Daniel Jolly | Defense theory-Identity | Objection under FRE 401 as irrelevant, 801 as inadmissible hearsay, and 901, as the evidence cannot be authenticated. | U.S. Constitution, 6th Am (right to a complete defense) |

| D. 13 | 5/3/24 | Verizon Receipt | Defense theory-Identity | Objection under FRE 401 as irrelevant and 901, as the evidence cannot be authenticated | U.S. Constitution, 6th Am (right to present a complete defense) |
| D. 14 | 3/12/19 | Adam King MedVet Facebook Post | Defense theory-Identity | | |
| D. 15 | 2/23/24 | Adam King MedVet Profile Screenshot | Defense theory-Identity | | |
| D. 16 | 3/14/24 | SubZero Twitter ScreenShots | Defense theory-Identity | Objection under FRE 401 as irrelevant and 901, as the evidence cannot be authenticated | U.S. Constitution, 6th Am (right to present a complete defense) Can authenticate through witness |
| D. 17 | 2/23/24 | Pinterest Screenshot | Defense theory-Identity | Objection under FRE 401 as irrelevant and 901, as the evidence cannot be authenticated | U.S. Constitution, 6th Am (right to present a complete defense) Can authenticate through witness |
| D. 18 | 2/23/24 | Venmo Screenshot | Defense theory-Identity | Objection under FRE 401 as irrelevant and 901, as the evidence cannot be authenticated | U.S. Constitution, 6th Am (right to present a complete defense) Can authenticate through witness |
| D. 19 | 2/23/24 | Adam King Snapchat Screenshot | Defense theory-Identity | Objection under FRE 401 as irrelevant and 901, as the evidence cannot be authenticated | U.S. Constitution, 6th Am (right to present a complete defense) Can authenticate through witness |

| D. 20 | 7/5/24 | Advance Search Phone #(240) 394-6854 | Defense theory-Identity | Objection under FRE 401 as irrelevant, 403 as confusing, 801 as inadmissible hearsay, and 901, as the evidence cannot be authenticated. | U.S. Constitution, 6th Am (right to present a complete defense) Can authenticate through witness |
|-------|--------|------|------|------|------|
| D. 21 | 5/31/24 | Advance Search Address Craigmoss Ln. | Defense theory-Identity | Objection under FRE 401 as irrelevant, 403 as confusing, 801 as inadmissible hearsay, and 901, as the evidence cannot be authenticated. | U.S. Constitution, 6th Am (right to present a complete defense) Can authenticate through witness |
| D. 22 | 5/2/24 | Store Footage at AT&T | Defense theory-Identity | Objection under FRE 401 as irrelevant and 403 as confusing | U.S. Constitution, 6th Am (right to present a complete defense) The fact that someone was trying to impersonate Adam King is not confusing |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge Lashonda A. Hunt

## GOVERNMENT'S MOTIONS *IN LIMINE*

1. Government's Motion *in Limine* No. 1 to Admit Evidence and Argue Propensity Under FRE 414 (Opposed)

2. Government's Motion *in Limine* No. 2 for Protective Order for Victim and Related Witnesses (Opposed)

3. Government's Motion *in Limine* No. 3 to Prevent the Public Display of Images Depicting Minors Engaged in Sexually Explicit Conduct During Trial (Unopposed)

4. Government's Motion *in Limine* No. 4 to Preclude Defendant from Presenting Evidence and Argument Supporting his "Identity Theft" Theory (Opposed)

5. Government's Motion *in Limine* No. 5 to Exclude Evidence and Argument Regarding Defendant's Lack of "Sexual Dangerousness" or Lack of Proclivity for Child Sex Abuse (Position Contingent on Court's Rulings on Other Motions *in Limine*)

6. Government's Motion *in Limine* No. 6 to Bar Jury Nullification Arguments

    a. Penalties Faced by Defendant if He is Convicted (Unopposed)

    b. Motivations for Investigating or Prosecuting this Case (Unopposed)

    c. Allegations or Claims of Outrageous Government Conduct (Opposed)

    d. Defining Reasonable Doubt (Unopposed)

7. Government's Motion *in Limine* No. 7 to Preclude Argument Concerning Missing Witnesses (Opposed)

8. Government's Motion *in Limine* No. 8 to Bar Cross-Examination or the Admission of Evidence Regarding the General Veracity of Individuals Engaged in Online Communications (Unopposed)

9. Government's Motion *in Limine* No. 9 to Bar Comments Regarding Discovery (Opposed)

10. Government's Motion *in Limine* No. 10 to Bar Comments or Arguments Regarding the Legality of Search Warrants Used in this Investigation (Unopposed)

11. Government's Motion *in Limine* No. 11 to Exclude Evidence of Lawfulness or "Good Character." (Position Contingent on Court's Rulings on Other Motions *in Limine*)

## **DEFENDANT'S MOTIONS *IN LIMINE***

1. Defendant's Motion *in Limine* No. 1 to Exclude Evidence of Irrelevant Chats (Opposed)

    a. Preclude the Government from Introducing Any Chats Allegedly Referencing Mr. King's Son (Opposed)

    b. Exclude Evidence of Chats Describing Alleged Contact or Stated Desire to Have Contact with Minors or Interest in Minors (Opposed)

    c. Exclude Evidence of Chats Describing a Collection of Child Pornography (Opposed)

    d. Exclude Evidence of Chats Mentioning "Pervs" (Opposed)

    e. Exclude Chats Outside of September 11, 2023 and December 11, 2023 (Opposed)

2. Defendant's Motion *in Limine* No. 2 to Bar Introduction of Other Adult Sexual Conduct (Opposed)

3. Defendant's Motion *in Limine* No. 3 to Preclude Evidence Regarding Mr. King's Alleged Interactions with Another Individual Who Has Been Charged with Sexual Crime in Wisconsin (Unopposed)

4. Defendant's Motion *in Limine* No. 4 to Preclude Any Allegations Against Mr. King of Inappropriate Conduct at Work (Unopposed)

5. Defendant's Motion *in Limine* No. 5 to Bar Introduction of Other Sexual Conduct Found on Devices (Opposed)

    a. Exclude All Photos of Genitalia (Opposed)

    b. Exclude All Evidence of Adult Pornography (Opposed)

c. Bar Evidence of Unidentified Sexually Explicit Photos or Videos (Opposed)

6. Defendant's Motion *in Limine* No. 6 to Limit Number/Length of CSAM Images/Videos Shown to Jury (Opposed)

7. Defendant's Motion *in Limine* No. 7 to Prohibit the Government from Discussing Criminal Investigation of Telegram Application (Unopposed)

8. Defendant's Motion *in Limine* No. 8 to Prohibit the Government from Showing Body-Worn Camera Footage of Mr. King During the Execution of the Search Warrant (Opposed)

9. Defendant's Motion *in Limine* No. 9 to Bar Testimony of Witnesses That Accounts Were Owned and Operated by Mr. King (Opposed)

10. Defendant's Motion *in Limine* No. 10 to Bar Evidence of Mr. King's Previous Interaction with Police in 2017 (Opposed)

11. Defendant's Motion *in Limine* No. 11 to Prevent Agents or Witnesses from Using the Term Human Trafficking, Sex Trafficking, Crimes Against Children, and Violent Crime (Opposed)

12. Defendant's Motion *in Limine* No. 12 to Limit Witness Testimony Regarding the Alleged Impact of the Offense (Unopposed)

13. Defendant's Motion *in Limine* No. 13 to Exclude All Telegram Chats from September 11, 2023, As They Cannot be Authenticated (Opposed)

## ADDITIONAL EVIDENTIARY FILINGS

1. Government's Notice of Intent to Introduce "Other Acts" Evidence Under Rule 404(b) (Opposed)

2. Government's Notice of Intent to Introduce Evidence of Other Acts of Child Molestation Under Rule 414 (Opposed)

3. Defendant's Motion to Strike Untimely, Non-Compliant Filings (Opposed)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

      v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge Lashonda A. Hunt

## **AGREED UPON VOIR DIRE QUESTIONS**

1. Do you have children? If so, how many? Boys or girls?

2. Are you currently employed?

3. Name other jobs, if any, that you have had in the last ten years.

4. What are your hobbies?

5. Do you work with children or teenagers as part of your employment or hobbies?

6. Do you have any family member or close friend who is a lawyer who practices criminal law either as a prosecutor or defense attorney? If so, what is the nature of the relationship, and does anything about the relationship prevent you from being a fair and impartial juror?

7. Have you or any family member or close friend ever worked in law enforcement or security-related jobs? If so, who? What is their relationship to you? Would anything about that prevent you from being a fair and impartial juror?

8. Do you have any close friends or relatives who are lawyers or employed by the court system, either state or federal? Would anything about those relationships prevent you from being a fair and impartial juror?

9. Do you consume any media (TV shows, podcasts, books, media) based on crime, crime solving, or the criminal justice system? If so, which ones?

10. Have you ever been a member of a neighborhood watch or crime prevention group?

11. Have you taken law, criminal justice, law enforcement, or criminology classes?

12. Have you ever testified in court, before a grand jury, or in a deposition?

13. Those of you who have had prior jury service in a civil or criminal trial, were you able to reach a unanimous verdict?

14. Have you, a member of your family, or close friend ever been a victim of a crime? If so, tell us when and describe the kind of case or cases involved. Would this affect your ability to be a fair and impartial juror in this case?

15. Have you, a member of your family, or close friend ever been a witness to a crime? If so, tell us when and describe the kind of case or cases involved. Would this affect your ability to be a fair and impartial juror in this case?

16. Have you been arrested, charged, convicted or jailed for any criminal offense? If yes, please indicate: (a) the nature of the offense; and (b) the disposition of the charge (i.e., imprisonment, probation, fine, etc.). Would this affect your ability to be a fair and impartial juror in this case?

17. Has a member of your family, or close friend, ever been arrested, charged, convicted or jailed for any criminal offense? If yes, please indicate: (a) the individual's relationship to you; (b) the nature of the offense; and (c) the disposition of the charge (i.e., imprisonment, probation, fine, etc.). Would this affect your ability to be a fair and impartial juror in this case?

18. Have you ever been questioned as part of a criminal investigation by any federal, state, or local law enforcement agency? Would this affect your ability to be a fair and impartial juror in this case?

19. Have you had prior experience with the criminal justice system? If yes, did this experience leave you with a negative, positive, or neutral impression of judges, the judicial system, prosecutors, or defense attorneys? Would this affect your ability to be a fair and impartial juror in this case?

20. This case involves an investigation by the Federal Bureau of Investigation ("FBI"). Have you had any dealings or experiences with the FBI that would affect your ability to be a fair and impartial juror in this case? Do you have any strong positive or negative feelings about FBI or officers that work for that agency?

21. Have you or any member of your family or a close friend ever been accused of, a victim of, or a witness to child exploitation or child pornography, whether or not that conduct was reported to law enforcement? Is there anything about that experience that would affect your ability to be fair and impartial in this case?

22. Do you understand and accept that the indictment is not evidence. It is merely the formal way of telling a person what they are charged with?

23. Based on your experience, do you believe that if a person is charged with a crime, they must be guilty of something?

24. The defendant is presumed innocent of the charges against him. Do you understand and will you follow the legal principle regarding the presumption of innocence?

25. The government carries the burden of proving guilt beyond a reasonable doubt. The burden never shifts to the defendant, and the defendant is not required to offer any evidence in his defense. Do you understand and will you follow the legal principle that the government has the burden of proving a defendant's guilt beyond a reasonable doubt?

26. Do you have strong feelings about whether a defendant should testify in his own defense, even if he is not required to, and the law instructs you not to hold his failure to testify against him? Would you hold it against Mr. King in any way if he did not testify, even if the law instructed you that he did not have to testify?

27. The charges in this case involve child pornography. Is there anything about the nature of the charges or the evidence that might impact your ability to be fair and impartial?

28. Would having to view this evidence affect your ability to be a fair and impartial juror in this case?

29. Do you have any personal experiences or religious, moral or philosophical beliefs that would make it difficult to listen to testimony involving sex or pornography?

30. Do you have any experience with websites or applications such as Telegram or Scruff?

31. Do you have any specialized training in computers, information technology or forensic data extraction?

32. What is or are your primary source(s) of news?

33. Have you seen, read, or heard anything about this case through news media and/or social media prior to today?

    a. If yes, how frequently have you encountered coverage of this case?

    b. If yes, when was the last time you saw coverage about this case?

    c. If yes, based on what you've heard or read about this case, have you formed any opinions about: The defendant's guilt or innocence? The circumstances surrounding the alleged crime? Any of the key figures involved in this case?

d. Have you discussed this case with friends, family members, or colleagues? If yes, what opinions did you or others express during these conversations?

e. Have you followed any social media discussions, hashtags, or online forums related to this case?

f. Do you believe you can set aside anything you may have heard or read about this case and base your verdict solely on the evidence presented in court?

g. Understanding that media reports may contain information that is inadmissible in court, would you be able to disregard such information during the trial and throughout your deliberations?

h. If your decision based on court evidence contradicts what was reported in the media, would you be comfortable coming to a conclusion different from public opinion?

34. Do you have any personal or professional connection to anyone involved in this case, including the defendant, alleged victims, witnesses, attorneys, or judge?

35. Do you have any opinions, philosophies, or beliefs, whether religious or otherwise, which might impact your ability to be a fair and impartial juror in this case?

36. Do you have a problem with your hearing, your eyesight, or any other physical disability which would in any manner interfere prevent you from hearing or seeing the evidence presented at trial?

37. Are you taking any medication that might interfere with your ability to concentrate, understand, consider, and weigh the evidence in this case?

38. Do you have sufficient understanding of the English language to allow you to read the exhibits introduced into evidence and to understand the testimony of the witnesses?

39. Is there anything you were not asked that you think is important for the Court or the parties to know when selecting a jury in this case?

## **GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS**

1. Have you ever had any disputes with any agency of the United States Government? The Federal Bureau of Investigation? Any other law enforcement agency?

   a. <u>Defendant's Objection</u>: Defendant objects to this proposed question as vague and overbroad.

## **DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

1. Do you supervise other people in your employment? If yes, how many? Describe your responsibilities.

   a. <u>Government's Objection</u>: The government objects to this proposed question as irrelevant.

2. Do you have an opinion about this case as you sit here which would prevent you from being fair and impartial?

   a. <u>Government's Objection</u>: The government objects to this proposed question as vague and overly broad.

3. What websites do you frequent most often?

   a. <u>Government's Objection</u>: The government objects to this proposed question as overly broad, especially given agreed upon question number 30, which are the relevant websites/applications in this case.

4. Have you ever participated in or attended dog shows or competitions?

   a. <u>Government's Objection</u>: The government objects to this proposed question as irrelevant.

5. Do you have any connections to the American Kennel Club or similar organizations?

   a. <u>Government's Objection</u>: The government objects to the inclusion of "or similar organizations" in this proposed question, as the relevant inquiry here is whether any jurors are connected to the specific organization that the defendant was connected to (in this case, the American Kennel Club).

6. Would your views on same-sex couples impact your ability to be a fair and impartial juror in this case?

   a. <u>Government's Objection</u>: The government objects to this proposed question as inflammatory and prejudicial.

7. Would your view on same-sex couples having a child or having a child through surrogacy prevent you from being a fair and impartial juror in this case?

   a. <u>Government's Objection</u>: The government objects to this proposed question as inflammatory and prejudicial.

8. Do you know of any reason, or has anything occurred to you during this questioning, that might make you doubtful as to whether you could be completely fair and impartial in this case?

   a. <u>Government's Objection</u>: The government objects to this proposed question as compound and confusing. The government proposes the following modification: "Is there any other reason that might make it difficult for you to be fair and impartial in this case?"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

    v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge Lashonda A. Hunt

## **PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS**

The United States of America, by ANDREW S. BOUTROS, Acting United States Attorney for the Northern District of Illinois, and Jonathan S. Bedi and Dena M. Singer of Bedi & Singer, LLP, counsel for defendant ADAM KING, respectfully submit the following set of proposed jury instructions and verdict forms. Where applicable, objections are noted.

Because the parties based this submission on the currently anticipated trial evidence, they may ask the Court for permission to modify or supplement the proposed jury instructions, as appropriate.

GOVERNMENT PROPOSED INSTRUCTION NO. 1 (Agreed)

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt [[3]and whether the defendant has proved [insert defense] by a preponderance of the evidence; by clear and convincing evidence].

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 1.01

---

[3] The parties reserve the right to request or object to the bracketed language throughout these proposed instructions at the charge conference.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2 (Partially Opposed)

The charges against the defendant are in a document called an indictment. [You will have a copy of the indictment during your deliberations.]

The indictment in this case charges the defendant with distribution of child pornography, receipt of child pornography, and obstruction of justice. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.


DEFENDANT'S OBJECTION:
Defendant objects to the inclusion of the bracketed language in the above proposed instruction and objects to a copy of the indictment being given to the jurors during deliberations as the indictment is not evidence and will not be marked as evidence. Giving the indictment to the jury as part of deliberations is within the discretion of the court. The district court's broad discretion to answer jury questions encompasses the decision of whether to give the jury a copy of the indictment. *United States v. Watts*, 29 F.3d 287, 291 (7th Cir. 1994). Here, the Court should exercise its discretion and prohibit the government from providing a copy of the indictment to the jury for the following two reasons: (1) providing a copy of the indictment serves no purpose; and (2) providing a copy of the indictment raises an inference of guilt.

GOVERNMENT'S RESPONSE:
The government seeks inclusion of the bracketed language and requests that the Court exercise its discretion and provide a copy of the indictment to the jury during their deliberations. The indictment lays out the specific crimes the government bears the burden of proving the defendant committed and "reference to the indictment often serves as a helpful guide in delineating the issues the jury may be called on to decide." *United States v. Hoffa*, 367 F.2d 698, 712–13 (7th Cir.1966), *vacated and remanded on other grounds*, 387 U.S. 231, 87 S.Ct. 1583, 18 L.Ed.2d 738 (1967).

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) (1.02)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3 (Agreed)

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 1.03

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4 (Agreed)

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, [and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true [or] [that a witness would have given certain testimony]].

[In addition, you may recall that I took [judicial] notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.01

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5 (Agreed)

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.02

GOVERNMENT's PROPOSED INSTRUCTION NO. 6 (Agreed)

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.03

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7 (Agreed)

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

[You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.]

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.04

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8 (Agreed)

[A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that the defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.]

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.05

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9 (Agreed)

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony [, including that of a defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- [inconsistent [or consistent] statements or conduct by the witness.]

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.01



GOVERNMENT'S PROPOSED INSTRUCTION NO. 10 (Agreed)

It is proper for an attorney to interview any witness in preparation for trial.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.02

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11 (Agreed)

[You have heard evidence that before the trial [a] witness[es] made [a] statement[s] that may be inconsistent with [his; their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness' testimony was here in court.]

[If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.03

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12 (Partially Opposed)

You have heard testimony from Bryan Austermann, who has stated that he was involved in two of the crimes the defendant is charged with committing [and is expecting a benefit in return for his testimony and cooperation with the government.]

You may give this witness' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

DEFENDANT'S OBJECTION:
Defendant requests the inclusion of the bracketed language in the above proposed instruction.

GOVERNMENT'S RESPONSE:
The government objects to the bracketed language because as of this time, there is no evidence establishing that Mr. Austermann is testifying with the expectation that he will receive any benefit. In fact, the Southern District of New York, which is prosecuting Mr. Austermann for child pornography offenses, has declined to provide Mr. Austermann with a cooperation agreement.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.05

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13 (Opposed)

You have heard evidence and testimony that the defendant was involved in conduct other than that charged in the indictment, namely, having a collection of child pornography and storing it on Telegram, and having a sexual interest in prepubescent children. Before using this evidence, you must decide whether it is more likely than not that the defendant was involved in the conduct that is not charged in the indictment.

If you decide that he was, then you may consider that evidence to help you decide the following: (1) whether defendant was the person who committed the crimes charged in the indictment; (2) whether defendant had the knowledge and intent to commit the crimes charged in the indictment; (3) defendant's motive to commit the crimes charged in the indictment; and (4) defendant's absence of mistake or accident to commit the crimes charged in the indictment.

You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because the defendant was involved in other conduct in the past, he is more likely to have committed the crimes charged in the indictment. The reason is that the defendant is not on trial for this other conduct. Rather, he is only on trial for distribution of child pornography, receipt of child pornography, and obstruction of justice. The government has the burden to prove beyond a reasonable doubt the elements of the crimes charged in the indictment. This burden cannot be met with an inference that the defendant is a person whose other acts suggest bad character or a willingness or tendency to commit crimes.


DEFENDANT'S OBJECTION:
Defendant objects to this evidence being introduced in its entirety. The proposed instruction also does not follow the pattern instruction on how it is to be given since the committee note says it should be customized.

GOVERNMENT'S RESPONSE:
Should the Court allow the admission of the above-referenced "other acts" evidence, this proposed instruction is proper, as it specifically delineates what the other acts evidence is and what the permissible uses of that evidence are (e.g., identity, knowledge and intent, motive, and absence of mistake)


Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.11

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14 (Opposed)

You have also heard evidence and testimony that the defendant committed acts other than the ones charged in the indictment, namely, previously sexually abusing children. Before using this evidence, you must decide whether it is more likely than not that the defendant took the actions that are not charged in the indictment.

If you decide that he did, then you may consider that evidence to help you decide the following: (1) defendant's sexual interest in children; and (2) defendant's propensity to commit child pornography offenses.

You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because the defendant committed another act in the past, he is more likely to have committed the crimes charged in the indictment. The reason is that the defendant is not on trial for this other conduct. Rather, he is only on trial for distribution of child pornography, receipt of child pornography, and obstruction of justice. The government has the burden to prove beyond a reasonable doubt the elements of the crimes charged in the indictment. This burden cannot be met with an inference that the defendant is a person whose other acts suggest bad character or a willingness or tendency to commit crimes.

DEFENDANT'S OBJECTION:
Defendant objects to this evidence being introduced in its entirety.

GOVERNMENT'S RESPONSE:
Should the Court allow the admission of the above-referenced evidence under Rule 414, this proposed instruction is proper, as it specifically delineates what the other acts evidence is, exempts this evidence from the limitations of Rule 404(b), and instructs the jury on what the permissible use of that evidence is.

FED R. EVID. 413, 414; PATTERN JURY INSTR. FOR 8TH CIR., 2.11 Similar Acts in Sexual Assault and Child Molestation Cases (Fed. R. Evid. 413 and 414); *see also* PATTERN JURY INSTR. FOR 7TH CIR., 3.11 Evidence of Other Acts by Defendant, Committee Comment ("This instruction does not apply to evidence admitted pursuant to Fed. R. Evid. 413 or 414....If evidence was admitted pursuant to Rules 413 or 414, this instruction should be modified to exempt that evidence from its limitations and a separate instruction should be given to address the Rule 413 or 414 evidence."); *United States v. Erramilli*, 788 F.3d 723, 731 (7th Cir. 2015) (affirming and finding no abuse of discretion in jury instruction regarding Rule 413 that instructed jury to "consider this evidence on any matter to which it was relevant" and cautioned that "defendant is on trial here for abusive sexual contact, not for the other crimes"); *United States v. Stokes*, 726 F.3d 880, 896 (7th Cir. 2013) (other acts of sexual abuse

of young boys "both before and after [defendant's] travel to Thailand" was admissible under Rules 413 and 414 "overriding the propensity bar in Rule 404(a)(1)"); *United States v. Sioux*, 362 F.3d 1241, 1245-46 (9th Cir. 2004) (plain language of Rule 413 sanctions the admission of "another" offense of sexual assault); *United States v. Guidry*, 456 F.3d 493, 502-03 (5th Cir. 2006) ("Because sexual assault allegations are often reduced to a swearing match Congress aimed [with Rules 413 and 414] to assist the fact finder's assessment of credibility through allowing evidence of the defendant's extrinsic sexual misconduct as character or propensity evidence."); *see also United States v. McHorse*, 179 F.3d 889, 903 (10th Cir. 1999) (Rule 414 limiting instruction held to be proper).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15 (Agreed)

You have seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16 (Agreed)

The recordings, social media chat messages, text messages, and cell phone data introduced into evidence represent portions of longer recordings, social media messages, and cell phone data. Portions of the recordings, messages, and data have been deleted or redacted as non-pertinent. You should not infer or speculate that important information has been withheld from you either by the government or the defense.

*United States v. Black*, 18 CR 149 (Coleman, J.)
*United States v. Shannon*, 13 CR 535, Dkt. # 37 (Durkin J.)
*United States v. Rebolledo-Delgadillo*, No. 13 CR 673, Dkt. # 87 (Tharp J.)
*United States v. Narvaez*, 10 CR 759, Dkt. # 178 (Tharp J.)
*United States v. Thomas*, 11 CR 415 (Feinerman, J.)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17 (Agreed)

[Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence.]

[It is up to you to decide how much weight to give to the summaries and charts.]

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.16

GOVERNMENT'S PROPOSED INSTRUCTION NO. 18 (Agreed)

[Certain [summaries; charts] were shown to you to help explain other evidence that was admitted. These [summaries; charts] are not themselves evidence or proof of any facts [, so you will not have these particular [summaries; charts] during your deliberations]. [If they do not correctly reflect the facts shown by the evidence, you should disregard the [summaries; charts] and determine the facts from the underlying evidence.]]

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.17

GOVERNMENT'S PROPOSED INSTRUCTION NO. 19 (Agreed, but reserved the right to object)

[You have heard evidence obtained from the government's use of an undercover agent. The government is permitted to use this technique. You should consider evidence obtained this way together with and in the same way you consider the other evidence.]

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.19

GOVERNMENT'S PROPOSED INSTRUCTION NO. 20 (Agreed)

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.18

GOVERNMENT'S PROPOSED INSTRUCTION NO. 21 (Agreed)

Count One charges the defendant with distribution of child pornography. In order to find the defendant guilty of this charge, the government must prove each of the following four elements beyond a reasonable doubt:

1. The defendant knowingly distributed the material identified in Count One of the indictment; and

2. The material identified in Count One of the indictment is child pornography; and

3. The defendant knew both that the material depicted one or more minors and that the minors were engaged in sexually explicit conduct; and

4. The material identified in Count One of the indictment was transported using a means or facility of interstate or foreign commerce, including by computer.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant not guilty of that count.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 18 U.S.C. § 2252A(a)(2)(A) Receipt or Distribution of Child Pornography–Elements

GOVERNMENT'S PROPOSED INSTRUCTION NO. 22 (Agreed)

Count Three charges the defendant with distribution of child pornography. In order to find the defendant guilty of this charge, the government must prove each of the following four elements beyond a reasonable doubt:

1. The defendant knowingly distributed the material identified in Count Three of the indictment; and

2. The material identified in Count Three of the indictment is child pornography; and

3. The defendant knew both that the material depicted one or more minors and that the minors were engaged in sexually explicit conduct; and

4. The material identified in Count Three of the indictment was transported using a means or facility of interstate or foreign commerce, including by computer.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant not guilty of that count.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 18 U.S.C. § 2252A(a)(2)(A) Receipt or Distribution of Child Pornography–Elements

GOVERNMENT'S PROPOSED INSTRUCTION NO. 23 (Agreed)

Count Two charges the defendant with receipt of child pornography. In order to find the defendant guilty of this charge, the government must prove each of the following four elements beyond a reasonable doubt:

1. The defendant knowingly received the material identified in Count Two of the indictment; and

2. The material identified in Count Two of the indictment is child pornography; and

3. The defendant knew both that the material depicted one or more minors and that the minors were engaged in sexually explicit conduct; and

4. The material identified in Count Two of the indictment was transported using a means or facility of interstate or foreign commerce, including by computer.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant not guilty of that count.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 18 U.S.C. § 2252A(a)(2)(A) Receipt or Distribution of Child Pornography–Elements

GOVERNMENT'S PROPOSED INSTRUCTION NO. 24 (Agreed)

Count Four charges the defendant with obstructing an investigation. In order to find the defendant guilty of this charge, the government must prove each of the following three elements beyond a reasonable doubt:

1. The defendant knowingly altered, destroyed, concealed, or covered up a record or document, namely, data and records pertaining to the use of the Telegram mobile telephone application and data and records related to the Telegram account bearing the public username "pervchidude"; and

2. The defendant acted with intent to impede, obstruct or influence an investigation; and

3. The investigation was within the jurisdiction of the Federal Bureau of Investigation, which is an agency of the United States. The government is not required to prove that the defendant specifically knew the matter or investigation was within the jurisdiction of a department or agency of the United States.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant not guilty of that count.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 18 U.S.C. § 1519 Obstruction of Justice–Destruction, Alteration, or Falsification of Records in Federal Investigations and Bankruptcy–Elements

GOVERNMENT'S PROPOSED INSTRUCTION NO. 25 (Agreed)

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 4.10 Definition of Knowingly.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 26 (Agreed)

"Interstate commerce" means commerce between different states, territories, and possessions of the United States, including the District of Columbia.

"Foreign commerce" as used above, means commerce between any state, territory or possession of the United States and a foreign country.

"Commerce" includes, among other things, travel, trade, transportation and communication.

Images and/or videos transmitted or received over the Internet have moved in interstate or foreign commerce. It is for you to determine, however, if the material containing the visual depiction had been transmitted or received over the Internet.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) Definition of Interstate and Foreign Commerce, pg. 675 (modified).
*United States v. Willie Woods,* 12 CR 707 (Coleman, J.); *United States v. Samuel Nichols*, 15 CR 756 (Kendall, J.); *United States v. Sawyer*, 733 F.3d 228, 230-31 (7th Cir. 2013) (defendant need not have known or intended that his conduct would have any effect on interstate or foreign commerce); *United States v. White*, 2 F. App'x. 295, 298 (4th Cir. 2001); *United States v. Runyan*, 29 F.3d 223, 239 (5th Cir. 2002)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 27 (Agreed)

A cellular telephone is a means, facility or instrumentality of interstate and foreign commerce.

*United States v. Mandel*, 647 F.3d 710, 716 (7th Cir. 2011)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 28 (Agreed)

"Child pornography" means a visual depiction of sexually explicit conduct, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, if:

1.     The production of the visual depiction involves the use of a minor engaged in sexually explicit conduct;

2.     The visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

3.     Such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 18 U.S.C. § 2256(8) Definition of "Child Pornography"

GOVERNMENT'S PROPOSED INSTRUCTION NO. 29 (Agreed)

"Minor" means any person under the age of eighteen (18) years.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 18 U.S.C. § 2256(1) Definition of "Minor"

GOVERNMENT'S PROPOSED INSTRUCTION NO. 30 (Agreed)

"Sexually explicit conduct" includes actual or simulated:

1. sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral anal, whether between persons of the same or opposite sex;

2. masturbation; or

3. lascivious exhibit of the anus, genitals, or pubic area of any person.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 18 U.S.C. § 2256(2)(A) Definition of "Sexually Explicit Conduct"

GOVERNMENT'S PROPOSED INSTRUCTION NO. 31 (Agreed)

"Visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by electronic means which is capable of conversion into a visual image, and also includes any photograph, film, video, picture, digital image or picture, computer image or picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 18 U.S.C. § 1466(f)(1) Definition of "Visual Depiction"

GOVERNMENT'S PROPOSED INSTRUCTION NO. 32 (Agreed)

Certain exhibits contain images of a sensitive nature and will not be provided for in the jury deliberation room. You may, however, request to view any or all of those exhibits at any time during your deliberations. If you wish to do so, you may send a note through the court security officer asking to inspect the exhibits, and you will be brought back in the courtroom to view the exhibits. [You will be provided with a list of the exhibits to aid in identifying them.]

*United States v. Boltz,* 20 CR 734, Dkt. 170 (modified) (Blakey, J)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 33 (Agreed)

The indictment charges that each of the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 4.05

DEFENDANT'S PROPOSED INSTRUCTION NO. 1 (Agreed)

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 4.06

GOVERNMENT'S PROPOSED INSTRUCTION NO. 34 (Opposed)

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.


DEFENDANT'S OBJECTION:
Defendant objects to this instruction, as the instruction is optional according to the Committee Notes. *See USA v. Swiger 22CR00038 (ND. IN).*


GOVERNMENT'S RESPONSE:
The jury should be instructed that they should not consider the possible punishment for the defendant, as such considerations are irrelevant to the jury's determination of guilt or innocence. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" (footnote omitted) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975))); *Aliwoli v. Carter*, 225 F.3d 826, 830 (7th Cir. 2000).


Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 4.08

GOVERNMENT'S PROPOSED INSTRUCTION NO. 35 (Agreed)

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. [Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.]

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 7.01

GOVERNMENT'S PROPOSED INSTRUCTION NO. 36 (Opposed)

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the appropriate verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.


<u>DEFENDANT'S OBJECTION:</u>
It is the defense's position that there should be a signature block for each count with a different verdict form for each count.

<u>GOVERNMENT'S RESPONSE:</u>
The Government's proposed verdict form asks the jury to make an individual finding of "guilty" or "not guilty" for each of the charged offense and requires the jury to come to a unanimous decision on each count, which is what is required under the law. There is no reason to have a separate verdict sheet for each count and require each juror to individually sign their name four times.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 7.02

GOVERNMENT'S PROPOSED INSTRUCTION NO. 37 (Agreed)

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge LaShonda A. Hunt

## **GOVERNMENT'S PROPOSED VERDICT FORM (OPPOSED)**

### **Count One**

With respect to Count One of the indictment, we, the Jury, find defendant ADAM STAFFORD KING.:

NOT GUILTY ☐ GUILTY ☐

### **Count Two**

With respect to Count Two of the indictment, we, the Jury, find defendant ADAM STAFFORD KING:

NOT GUILTY ☐ GUILTY ☐

### **Count Three**

With respect to Count Three of the indictment, we, the Jury, find defendant ADAM STAFFORD KING:

NOT GUILTY ☐ GUILTY ☐

### **Count Four**

With respect to Count Four of the indictment, we, the Jury, find defendant ADAM STAFFORD KING:

NOT GUILTY ☐ GUILTY ☐

_____          _____

FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

                                          _____
                                          Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge LaShonda A. Hunt

## **DEFENDANT'S PROPOSED VERDICT FORMS (OPPOSED)**

### **Count One**

With respect to Count One of the indictment, we, the Jury, find defendant
ADAM STAFFORD KING.:

NOT GUILTY     ☐          GUILTY     ☐

_____

FOREPERSON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge LaShonda A. Hunt

**Count Two**

With respect to Count Two of the indictment, we, the Jury, find defendant
ADAM STAFFORD KING:

NOT GUILTY  ☐          GUILTY  ☐

_____

FOREPERSON

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

                                           _____

                                           Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge LaShonda A. Hunt

**Count Three**

With respect to Count Three of the indictment, we, the Jury, find defendant
ADAM STAFFORD KING:

NOT GUILTY ☐          GUILTY ☐

_____

FOREPERSON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge LaShonda A. Hunt

**Count Four**

With respect to Count Four of the indictment, we, the Jury, find defendant ADAM STAFFORD KING:

NOT GUILTY ☐　　　GUILTY ☐

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
Date