# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)
### Eastern Division

UNITED STATES OF AMERICA

                            Plaintiff,

v.                                          Case No.: 1:24–cr–00153

                                          Honorable LaShonda A. Hunt

Adam Stafford King

                            Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, June 9, 2026:

      MINUTE entry before the Honorable LaShonda A. Hunt: as to Adam Stafford King: The Court has reviewed Defendant's status report and request for hearing regarding "the lack of responsiveness by the MCC to his medical concerns." [211]. Defendant asks the Court to set a hearing, require testimony from "a representative of the MCC Medical Team," and allow telephonic testimony from his outside neurologist, Dr. Erickson. The report does not provide any new evidence regarding Defendant's medical condition, and the request does not cite any authority for the relief it informally seeks. Previously, on 4/15/26, the Court held a hearing on Defendant's related opposed motion for temporary release [188] to obtain surgery and recover at his parents' home for over a month prior to trial. That motion was denied after a lengthy discussion on the record. [196]. Even so, Defendant was instructed to keep the Court apprised of his condition, given the ongoing concerns about his ability to prepare for and attend the three–week trial scheduled to begin on 5/29/26. However, on 5/13/26, the trial date was stricken by agreement due to the grand jury's superseding indictment [204], and a new date has not been set while defense counsel reviews discovery and assesses possible issues regarding representation [210]. All that to say, the Court does not have a formal motion for relief pending before it that would necessitate a hearing on this subject. While Defendant's frustration about the delay in getting another consult––after he refused to undergo the surgery scheduled by the MCC on 4/6/26––is understandable, it is unclear what factual or legal basis exists for court intervention in Bureau of Prison affairs regarding its provision of medical services to in–custody defendants. Indeed, Defendant does not say whether, following the April 2026 hearing, he has filed a grievance or any other complaint to address his issues internally with the MCC. Exhaustion of administrative remedies is typically the first step, certainly before judicial involvement in executive matters is contemplated. The Court appreciates the updated status report and sincerely hopes that Defendant will timely receive appropriate treatment. Nevertheless, absent a detailed motion that sets forth supporting facts and appropriate legal authority for the relief requested, the Court declines to set a special hearing on Defendant's medical care at this time. The parties' joint status report regarding next steps remains due by 7/10/26. The motion hearing set for 6/10/26 [212] is stricken. Mailed notice. (vjd, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.