UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ADAM STAFFORD KING

Case No. 24 CR 153

Judge LaShonda A. Hunt

**JOINT STATUS REPORT**

The UNITED STATES OF AMERICA, by its Attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, and defendant ADAM STAFFORD KING, by his attorneys, Jonathan S. Bedi and Dena M. Singer of Bedi & Singer, LLP, jointly report as follows:

1.     On March 21, 2024, defendant was charged by complaint with one count of distribution of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A), and a warrant was issued for his arrest. Dkt. 1. Defendant was subsequently arrested pursuant to that warrant. An indictment was returned on March 27, 2024, Dkt. 17.

2.     A superseding indictment was returned on August 13, 2024, Dkt. 61; a second superseding indictment was returned on April 8, 2025, Dkt. 115; and a third superseding indictment was returned on May 13, 2026, Dkt. 205. The third superseding indictment charges defendant with two counts of distribution of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A); one count of receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A); one count of destruction of records in a federal investigation, in violation of Title 18,

United States Code, Section 1519; and one count of obstruction of an official proceeding, in violation of Title 18, United States Code, Sections 1512(c)(2) and (2). Dkt. 205.

3. This matter was originally scheduled for a jury trial beginning on May 29, 2026. Dkt. 177. Following the return of the third superseding indictment on May 13, 2026, the parties jointly moved to strike the trial date, and the Court granted that request. Dkt. 204.

4. Defense counsel continues to review discovery and assess issues relating to representation.

5. The parties anticipate that additional litigation concerning the potential issuance of subpoenas to defense counsel may be necessary in the coming months.

6. The parties have conferred regarding a potential resolution to this matter short of trial. At present, no resolution appears feasible. Accordingly, the parties request this matter be set for trial.

7. The parties anticipate that the presentation of evidence will require approximately seven to eight trial days and therefore request a two-week trial period.

8. After conferring regarding our respective schedules, the parties jointly propose the following time periods for trial, subject to the Court's availability:

  a. January 11, 2027 through January 22, 2027 (with defense counsel unavailable on January 15, 2027);

  b. April 5, 2027 through May 28, 2027; or

  c. Any date after July 12, 2027

9. The government respectfully moves to exclude time under the Speedy Trial Act through the commencement of trial in order to allow counsel reasonable time for

effective trial preparation and the preparation and litigation of any additional pretrial motions. Defense counsel has no objection to the government's request.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: */s/ Asheeka Desai*
ASHEEKA DESAI
JARED C. JODREY
Assistant U.S. Attorneys
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2050

*/s/ Jonathan S. Bedi*
JONATHAN S. BEDI
DENA M. SINGER
Attorneys for Defendant
Bedi & Singer LLP
53 West Jackson, Suite 1101
Chicago, Illinois 60604
(312) 402-0291

Dated: July 10, 2026