IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | |
| v. | No. 24 CR 153 |
| Adam King | Judge LaShonda A. Hunt |

**DEFENDANT'S SUPPLEMENTAL CONSOLIDATED MOTIONS IN LIMINE**

Now comes Adam King, by and through his attorney, Bedi & Singer, LLP, and respectfully requests this Honorable Court grant the following supplemental motions *in limine*, prior to the start of trial, in light of the third superseding indictment, which charges Mr. King with an additional count that was not part of the indictment when the defense's initial motions *in limine* were filed. (Dkt. 82, 96, Dkt. 205).

I. MOTION TO EXCLUDE TRULINCS MESSAGES (OPPOSED)

II. MOTION TO LIMIT THE NUMBER OF TIMES THE GOVERNMENT CAN REFER TO MR. KING'S CUSTODY STATUS (OPPOSED)

## I. MOTION TO EXCLUDE TRULINCS MESSAGES (OPPOSED)

The government has tendered a number of TRULINCS messages in discovery. This messaging system is used at the MCC for individuals housed there to contact individuals who are not incarcerated. All of these TRULINCS messages should be barred from entry into evidence as the government will not be able to show the requisite foundation under Fed. R. Evid. 901.

Under Fed. R. Evid. 901, "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." These conversations contain back-and-forth messages

between two individuals. The government cannot show that the alleged authors of these messages are actually the ones who sent them. The government cannot adequately show who authored these messages. A name on a TRULINCS account does not properly authenticate the author and therefore cannot authenticate the message for entry into evidence.

Additionally, these TRULINCS messages are textbook hearsay. They squarely fall as out-of-court statements by a declarant, and would be used by the government to prove the truth of the matter asserted. Each and every email should be barred from entry into evidence based both on its lack of adequate foundation and as they are hearsay.

## II. MOTION TO LIMIT THE NUMBER OF TIMES THE GOVERNMENT CAN REFER TO MR. KING'S CUSTODY STATUS (OPPOSED)

The Third Superseding Indictment charges Mr. King with count 5, a violation of 18 U.S.C. § 1512(c)(2). In this count, the government's evidence references the fact that Mr. King is currently housed in a Federal Bureau of Prisons Facility, the MCC in Chicago. The defense moves to limit the mention of Mr. King's custody status, as constant recitation and reminders to the jury that Mr. King is in custody is unduly prejudicial.

Trial courts go to great lengths to ensure the presumption of innocence is preserved throughout a trial. As the Supreme Court has stated, "[t]o implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process." *Estelle v. Williams*, 425 U.S. 501, 503 (1976). This principle is most often seen in practice that an in-custody individual is allowed to wear civilian clothing during a trial. *Id.* The Supreme Court discussed in *Estelle* that such a constant reminder of an individual's custody status could cause "the possible impairment of the presumption so basic to the adversary system." *Id.* One court has explained, "that the jury will know Vargas is a prisoner does not mitigate the risk of prejudice to Vargas from the "constant reminder" of Vargas's in-custody status." *Vargas v. Lopez*, 2025 WL

2800196, *3 (N.D. Cal. Sept. 30, 2025). Similarly, if the government is allowed to constantly reference Mr. King's in-custody status, the jury will be unduly prejudiced against Mr. King, as they will likely take his pretrial custody status to mean that he is guilty, instead of analyzing the evidence presented at trial without bias. The defense moves to limit the government's mention of Mr. King's custody status.

Respectfully submitted,

/s/ Jonathan S. Bedi

Jonathan S. Bedi
Dena M. Singer
Bedi & Singer, LLP
53 West Jackson #1101
Chicago, IL 60604
(312) 525 2017
dsinger@bedisinger.com
jbedi@bedisinger.com
**Attorneys for the Defendant**

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that the foregoing document was filed via the Court's ECF system.

/s/ Jonathan S. Bedi
Jonathan S. Bedi
Bedi & Singer, LLP
53 West Jackson #1101
Chicago, IL 60604
(312) 525 2017
jbedi@bedisinger.com