UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ADAM STAFFORD KING | No. 24 CR 153<br><br>Hon. LaShonda A. Hunt |

**GOVERNMENT'S MOTION TO**
**ADMIT SELF-AUTHENTICATING BUSINESS RECORDS**

Defendant Adam Stafford King is charged with distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(1)(A); obstruction of justice, in violation of 18 U.S.C. § 1519; and attempt to obstruction of justice, in violation of 18 U.S.C. § 1512. The case is scheduled to proceed to trial on January 8, 2027. In anticipation of trial, the government moves for the Court to find that certain business records and a marriage certificate that the government intends to introduce at trial are self-authenticating and admissible without the need for live testimony concerning their authenticity.

Under Federal Rule of Evidence Rule 902(11) of the Federal Rules of Evidence, copies of records of regularly conducted activities are self-authenticating if accompanied by a certification meeting the requirements of Rule 803(6). Similarly, under Rule 902(13), records produced from an electronic process or system that produces an accurate result are self-authenticating if accompanied by a certification of a qualified person. Certified records under these rules are admissible if the party

offering the records provides the adverse party written notice and allows the adverse party an opportunity to inspect the records and certification.[1]

Under Rule 803(6), such records are an exception to the hearsay rule if the following conditions exist:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

The Seventh Circuit has consistently upheld the admission of business records through certifications, without the need for live testimony, pursuant to Rules 803(6) and 902(11). *See, e.g.*, *United States v. Green*, 648 F.3d 569, 580–81 (7th Cir. 2011) ("Rule 902(11) streamlines the admission of certain inherently reliable documents by allowing a party to introduce a record of regularly conducted activity without live testimony from a records custodian so long as the record is accompanied by a proper written certification from a custodian or otherwise qualified person."); *United States*

[1] This motion constitutes additional written notice to defendants that the government intends to rely on records certifications for the categories of records identified in the motion.

*v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006) (upholding the admissibility of records through the use of Rule 902(11) certifications in light of *Crawford v. Washington*, 541 U.S. 36 (2004)); *United States v. Klinzing*, 315 F.3d 803, 809–10 (7th Cir. 2003) (holding that admission of pre-certified business records under Rules 803(6) and 901(11) does not violate the Confrontation Clause because the records have "sufficient guarantees of reliability").

The government intends to introduce the following categories of records at trial (or portions thereof) through records certifications under Rules 902(11) and/or 902(13):

1. American Kennel Club records
2. AT&T subscriber and toll records concerning phone numbers 812-499-9103 and 812-449-6902
3. California Department of Public Health Certificate of Live Birth
4. Comcast IP records concerning IP 67.167.57.30
5. Comcast IP records concerning IP 73.8.233.208 and IP 76.10.0.39
6. Comcast IP records concerning IP 98.214.223.86
7. Google Subscriber records concerning askingdvm@gmail.com
8. Green Mills Best Western records (October 2019)
9. Hilton Garden Inn records (December 2019)
10. Lotte New York Palace records (January 2024)
11. Mediacom Communications IP records concerning IP 198.40.225.246
12. MedVet records
13. PenTeleData IP records concerning IP 24.229.250.113
14. Scruff profile and IP records
15. TextNow records concerning phone numbers 872-208-0786, 872-239-6044, 872-703-7134, and 872-704-2315
16. United Airlines records
17. Verizon IP records concerning IP 75.210.164.252
18. Verizon subscriber records concerning phone number 847-530-4576

Copies of the certifications are attached as Group Exhibit 1. The government may supplement this notice if certifications for additional categories of records are received, in which case the government will notify defendant of its intention to rely

on additional records certifications and provide defendant with copies of the certifications. *See United States v. Bledsoe*, 70 F. App'x 370, 373 (7th Cir. 2003) (upholding the admission of records pursuant to Rule 902(11) certifications for which the government provided defendant with notice four days prior to trial).

In addition, the government also intends to introduce a Cook County Clerk's Office Certification of Marriage, a redacted version of which is attached as Exhibit 2. Under Rule 902(1), a signed and sealed domestic public document is self-authenticating and requires no extrinsic evidence of authenticity in order to be admitted.

These records, and their accompanying certifications, fall under Rules 902(1), 902(11), 902(13), and 803(6). Accordingly, the government respectfully requests that the Court find, under Rule 104, that the business records and the domestic public document are self-authenticating and admissible without the need for live testimony concerning their authenticity.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: <u>*/s/ Jared Jodrey*</u>
ASHEEKA DESAI
JARED JODREY
Assistant United States Attorneys
United States Attorney's Office
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300